[No. 1603.]

B. F. BONELLI, RESPONDENT, *v.* T. J. JONES, ET AL., APPELLANTS.

APPEAL AND ERROR—NEW TRIAL—CONDITIONAL ORDER—COMPLIANCE—FAILURE —EFFECT. Plaintiff had judgment for 240 square inches of water, under six-inch pressure, for irrigation purposes. On defendant's motion for a new trial, the court ordered that if written consent to a modification of the judgment limiting plaintiff's right to 45 square inches of water, running under six-inch pressure, was filed within sixty days, the motion for a new trial should be denied; otherwise granted. Defendant appealed from the order, and subsequently plaintiff filed a written statement consenting to the modification on condition that no further proceedings should be had in the case: *Held*, that plaintiff had no power to add conditions to his consent, and such conditional consent did not constitute a compliance with the order, and that therefore defendant's right to a new trial became absolute, and his appeal must be dismissed.

APPEAL from the Fourth Judicial District Court, Lincoln County; *G. F. Talbot*, Judge.

Action by B. F. Bonelli against T. J. Jones and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. **Dismissed.**

The facts sufficiently appear in the opinion.

*T. J. Osborne, Charles Cobb*, and *T. M. Stewart*, for Appellants:

I.   The complaint as amended is insufficient.   It alleges,

of four hundred inches of water, ownership, possession, and constant use since February 12, 1872, appropriation by survey, need, and appurtenance to certain lands. Ownership of property in general may be declared as a fact or as a conclusion of law, but, in view of the peculiarity of property in water and of the legal character of acquisition of such property (and, especially in view of Gen. Stats. Nev., sec. 356, declaring that "there is no absolute property in the waters of a natural water course"), it may be very seriously doubted if such an allegation as to flowing water should ever be regarded other than a legal conclusion, and there is a very grave doubt, if, even thus, it is anywhere an admissible allegation.

II.   Ownership of a water ditch is entirely distinct from and not the same as a right to the water flowing through it, and the one is not a necessary incident to the other. (*McLear* v. *Hapgood*, 95 Cal. 555; *Stocker* v. *Kiktley*, 59 Pac. 891.)

III.   A general allegation of ownership is controlled by a statement of the specific facts relied on. (*Hamer* v. *Seeley*, 59 Cal. 495.)

IV.   A general finding drawn from the facts previously found cannot stand if the specific facts do not support it. (*People* v. *Reed*, 81 Cal. 76; *Geer* v. *Sibley*, 83 Cal. 4; *Savings, etc.*, v. *Burnett*, 106 Cal. 539; *Niles* v. *Los Angeles*, 125 Cal. 578; *Barnes* v. *Sabron*, 10 Nev. 217.)

V.   It was after the evidence for the plaintiff was nearly all in, as shown by the record, that "counsel for plaintiff moves for an order permitting him to amend his complaint, so as to show that the Muddy river was the source of the water which plaintiff claims, by inserting in line ..... page ....., after the word 'survey,' as follows: 'And that said water was appropriated from the Muddy river.' Counsel for defendants objected to such amendment on the ground that the motion comes too late, and on the further ground that no affidavit or notice of motion was given as required by statute in such cases, as provided by Section 3090, Gen. Stats. (Sec. 68, Practice Act.) The court grants motion to amend the complaint, and counsel for defendants takes an exception to the ruling of the court, and, on suggestion of counsel for defendants, the substance of the amendment to the complaint is deemed denied in the answer." Special statutory power

must be exercised as it is given and in conformity with the statute conferring it.    (19 Am. & Eng. Ency. 457, and cases.) "Where a statutory power of jurisdiction is granted, which otherwise does not exist, whether to a court or officer,    *    * the mode of proceeding prescribed must be strictly pursued; the provisions regulating the procedure are mandatory as to the essence of the thing required to be done."    (Sutherland Statutory Construction, 454; Potter's Dwarris, 224; *Corwin* v. *Merritt*, 3 Barb. 341; *Harrington* v. *People*, 6 Barb. 607; *People* v. *Shermerhorn*, 19 Barb. 540; *Morse* v. *Williamson*, 35 Barb. 472; *Sibley* v. *Smith*, 2 Mich. 486.)

VI.    Findings of facts are generally supposed to be induced from evidence introduced.    "The extent of the right originally acquired by plaintiff, to which all subsequently acquired rights must be subordinated, is one of fact for the jury." (Black's Pomeroy, sec. 85; *Nevada Water Company* v. *Powell*, 34 Cal. 118.)    The amount per acre is to be determined from evidence taken.    (*Nephi Irrigation Co.* v. *Victor*, 49 Pac. 892.) But, in the case at bar, "the court announced in giving his opinion that the evidence submitted was conflicting as to the quantity of water necessary to irrigate an acre of land, and that he had governed himself somewhat by the reports of engineers on the subject and by the quantity heretofore allowed in other suits throughout the state."    None of these were in evidence.    Would a court hesitate to set aside a verdict where a jury made so flagrant an admission of misconduct?    Argument seems unnecessary.

VII.    The necessity of the purpose for which water is taken furnishes a limit to the amount allowed.    (*Atchison* v. *Peterson*, 20 Wall. 514; *Barnes* v. *Sabron*, 10 Nev. 243; *Simmons* v. *Winters*, 27 Pac. 7; *Hinman* v. *Rizor*, 27 Pac. 13; Kinney on Irrigation, sec. 150; *Kirk* v. *Bartholomew*, 29 Pac. 40; *Cole* v. *Logan*, 33 Pac. 570; *Bowman* v. *Bowman*, 57 Pac. 546; *Church* v. *Stillwell*, 54 Pac. 397.)    Non-user for a period of five years works abandonment.    (*Smith* v. *Hawkins*, 110 Cal. 122.)    This is a California case and makes mention of the California code, but the reason of the holding does not rest wholly on statute.    "Water is too precious an article in the arid region to be permitted to run to waste, and the great weight of modern authorities hold that where a per-

son has diverted a certain portion of the water of a stream, and permits part of the water so diverted to run to waste, or fails to use a certain portion of the water for some beneficial use or purpose, he can only hold that part of the water diverted which has been actually applied to some beneficial use; and his priority only extends to the quantity so used." (Kinney on Irrigation, sec. 166.)

*Sawyer & Sawyer*, for Respondent:

I. There is nothing before this court for consideration, and it will take judicial notice of that fact. The notice of appeal was filed and served on the 9th day of January, 1901, and states in part that the appellants appeal from a judgment rendered on the 9th day of November, 1899, more than a year prior to the filing of the notice of appeal. The time in which an appeal from a judgment can be taken is limited to one year, and an appeal after that time is of no effect or validity. (Comp. Laws, 3425; *Solomon* v. *Fuller*, 13 Nev. 276; *Brooks* v. *Nickel Syndicate*, 24 Nev. 321; *Winter* v. *Winter*, 8 Nev. 129.)

II. The attempted appeal from the order overruling the appellants' motion for a new trial was premature. The order of the 17th day of December, 1900, mentioned in the notice of appeal, as appealed from, was not an order overruling appellants' motion for a new trial, but was an order granting the same, unless the respondent would, within sixty days, consent to a modification of the decree. This he did on the 13th day of February, 1901, over a month after the appeal was taken. (*Kalmes* v. *Gerrish*, 7 Nev. 31: *Elko-Tuscarora M. Co.* v. *Wines*, 24 Nev. 305.)

III. The statute relating to appeals must be complied with, or the appeal will be dismissed by this court of its own motion. (*Marx* v. *Lewis*, 24 Nev. 306.) We therefore respectfully submit that both appeals should be dismissed.

By the Court, MASSEY, C. J.:

This appeal is taken from a judgment and an order.

The respondent asks us to dismiss both appeals. The appellants confess the motion as to the appeal from the judgment, and resist the motion as to the appeal from the order.

By the judgment the respondent was awarded 240 square inches, under six-inch pressure, of the waters of the Muddy river, flowing through certain ditches therein named, for the purpose of irrigation. The appellants interposed a motion for a new trial, based upon a statement. On the 17th day of December, 1900, the court ordered "that if written consent to a modification of the judgment in this case so far as to limit and restrict the right and use of the plaintiff to 45 square inches of water, running under a six-inch pressure, between noon of the 1st day of July of each year and noon of the 1st day of February of the following year, is filed herein on behalf of the plaintiff within sixty days, then the motion for a new trial shall be deemed denied, but otherwise shall be granted."

The appeal was taken from this order on the 9th day of January, 1901. On the 13th day of February, 1901, the respondent filed what is termed his "written consent" to the modification of the judgment as required by the order, in which he states that "in order to avoid the expense of a new trial, and without waiving any of his rights, but adhering to the same, consents to such modification, on the condition that no further proceedings shall be had in said case."

The respondent claims that the appeal from this order was taken prematurely; that the order did not become effective as a denial of appellants' motion until the written consent of the modification was filed on the 13th day of February, 1901.

While this court has refused to consider appeals taken prematurely, and dismissed the same, yet the showing made for and against the motion presents a new and peculiar question, which determines the appeal; and we therefore do not consider respondent's motion further than is necessary in passing upon the main question—as to whether there is anything in the order, under the showing of the record, from which appellants have the right of appeal. It is a general rule that, unless the statute restricts the court, it has the power to impose reasonable terms as a condition to the granting or denying a motion for new trial. (Hayne, New Trials, 166, *et seq.*; 14 Enc. Pl. & Prac. p. 939.)

We have been unable to find any such restrictive provi-

sion in our statute. While the order of the court quoted is peculiarly worded, yet, when considered as a whole, it is clear that the order, in effect, granted a new trial unless the respondent consented to the modification prescribed therein; and, in case of his failure to comply with the requirements of the order, then the right to a new trial became absolute. No conditions were imposed upon the appellants, and the acceptance of the conditions imposed upon the respondent by the order could not be made by him, so as to preclude the rights of appellants to appeal. The record shows that the respondent did not consent to the conditions of the order. He, in express terms, imposed conditions in his written consent not authorized by the order, and which the court, under the record in this case, was powerless to impose. Respondent could not, by incorporating into his written consent conditions which might relieve him of the effect of the modified judgment, preclude any rights of the appellants. If he claimed the benefits of the order, such claim must be made unconditionally. There was, in effect, no compliance with the terms of the order, and it thereupon became an order absolutely granting a new trial.

The appellants cannot successfully claim that they are aggrieved, and, so far as this record shows, there is nothing before this court which can be considered. The case stands for retrial in the court below.

For these reasons, the appeal will be dismissed.