HARRINGTON, APPELLANT, *v.* BUTTE, ANACONDA & PA-
CIFIC RAILWAY CO., RESPONDENT.

(No. 2,639.)

(Submitted April 5, 1909.   Decided April 16, 1909.)

[101 Pac. 149.]

*Personal Injuries — Excessive Verdict — Remission by Court—
New Trial—Conditions—Compliance with—Effect—Waiver.*

New Trial—Conditions—Power of Courts.
1. Courts have power to impose as a condition precedent to the denial of defendant's motion for a new trial, that plaintiff shall re-mit such portion of the damages awarded by the jury as is deemed excessive.

Same—Conditions—Final Order.
2. Upon the filing of a written acceptance of the condition imposed by the court that plaintiff remit so much of the verdict of the jury as it deemed excessive or submit to a new trial, the order becomes a final order denying a new trial.

Excessive Verdict—New Trial—Conditional Order—Compliance—Waiver of Irregularities.
3. Plaintiff in a personal injury action had judgment for $7,500. The court denied a motion for a new trial, provided plaintiff remit all damages in excess of $4,000. This plaintiff did, but in his written acceptance of the condition imposed stated that he did so "if the court had jurisdiction to make the order," he claiming that the court was without jurisdiction to make the order in that notice of intention to move for a new trial had not been given. He then appealed. *Held,* that, by filing his acceptance of the condition precedent to the denial of a new trial, plaintiff waived any irregularity in the proceedings on the new trial motion and could not appeal from the order.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Jeremiah P. Harrington against the Butte, Ana-conda & Pacific Railway Company. From an order denying a

new trial provided plaintiff remit a portion of the verdict, he appeals.   Dismissed.

*Mr. John J. McHatton,* and *Mr. Peter Breen,* for Appellant.

*Messrs. Forbis & Evans,* and *Mr. D. Gay Stivers,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action by plaintiff for damages as compensation for loss of services of his minor child by reason of a personal injury occasioned by the negligence of the defendant.   On a former appeal a new trial was ordered on the ground that the evidence was insufficient to justify a verdict for plaintiff.   (37 Mont. 169, 95 Pac. 8.)   The second trial resulted in a verdict and judgment for the plaintiff for $7,500.   Defendant having moved for a new trial, the court made the following order: "This day all objections to hearing of defendant's motion for a new trial are by the court overruled, and defendant's motion for a new trial is denied, provided within fifteen days herefrom plaintiff remit all damages in excess of $4,000; otherwise a new trial granted on the issue of the amount of damages only.''   The plaintiff within fifteen days thereafter filed with the clerk a written statement, which, after reciting the proceedings had at the settlement of defendant's bill of exceptions and upon the motion for a new trial, concludes as follows: "And this plaintiff, believing that the court and judge were without jurisdiction to settle said bill of exceptions, or to hear or determine defendant's motion for a new trial on said bill of exceptions, no notice of intention to move for a new trial having been given, does hereby remit all damages in excess of $4,000, if the court had jurisdiction to make said order, reserving his objection to the jurisdiction of the court and all of his rights thereunder, so that no new trial may be had under said order.''   Thereupon he appealed.

When the record was filed in this court, defendant submitted a motion to dismiss the appeal on the ground that the order is not appealable, for the reason that it is interlocutory and conditional, and does not finally dispose of the application for a new trial. Consideration of the motion was deferred until hearing on the merits, which has now been had. Plaintiff contends that such a conditional order becomes final and absolute upon the happening of the condition, or upon its being complied with, and since it appears from the bill of exceptions that the plaintiff filed a written acceptance of the condition imposed by the order, it has become final, subject to plaintiff's right to question on appeal the jurisdiction of the court to make the order, upon the ground that the notice of intention had not been given.

The rule that courts have power to impose, as a condition precedent to the denial of defendant's motion for a new trial, that plaintiff shall remit such portion of the damages awarded by the jury as is deemed excessive, has frequently been recognized by this court. (*Kennon* v. *Gilmer*, 9 Mont. 108, 22 Pac. 448; *Gilmer* v. *Kennon*, 131 U. S. 22, 9 Sup. Ct. 696, 33 L. Ed. 110; *Hamilton* v. *Great Falls St. Ry. Co.*, 17 Mont. 334; 42 Pac. 860, 43 Pac. 713; *Chicago Title & Trust Co.* v. *O'Marr*, 25 Mont. 242, 64 Pac. 506; *Lewis* v. *Northern Pac. Ry. Co.*, 36 Mont. 207, 92 Pac. 469.) No question is made here as to its correctness. It is assumed by the plaintiff that the order became final upon his compliance with the condition imposed, and that no further order is necessary. In other words, it is said that, upon the filing of the written acceptance of the condition imposed by the court, it became a final order denying defendant's motion for a new trial. While the wording of the order is somewhat peculiar, we think this is the proper construction to give it. Upon compliance with the imposed condition, if there was a compliance, nothing further was necessary than to amend the judgment so as to make it conform to the reduced verdict. Upon a failure of compliance, the cause would have stood for a new trial. (*Garoutte* v. *Haley*, 104 Cal. 497, 38 Pac. 194; *Brown* v. *Cline*, 109 Cal. 156, 41 Pac. 862; *Bledsoe*

v. *Decrow*, 132 Cal. 312, 64 Pac. 397; *Bonelli* v. *Jones*, 26 Nev. 176, 65 Pac. 374.)

The language of the plaintiff's acceptance of the condition is: "And this plaintiff  *  *  *  does hereby remit all damages in excess of," etc.   The reservation, expressed in the form of a condition, is in fact no condition, but the reservation of an exception expressive of an, intention to question the power of the court to make the order at all.   If he had this right to question the court's power, he had it without the reservation; but he could not comply with the condition imposed and still say the court had no power to impose it.   He could not say, "I accept the advantage offered me of avoiding a new trial, but I will proceed to test the question whether the court had the power to grant me this advantage; and if I find that the power does not exist, I will be the gainer to the amount of $3,500, while my adversary, if he chooses to submit to the order, becomes the loser to this amount."   The only course open to him was to waive all irregularity in the proceedings on the motion and comply with the order, or to refuse to comply at all.   He would then have been in a position to question the regularity of the proceedings on the motion anterior to the order.   As it is, he cannot be heard to say that the order in his favor made so by his own act of acceptance of its conditions, is not binding upon him, or that he is aggrieved by it. Taking either view of the case, the plaintiff's contentions are without merit.   If the order did not by his act become absolute, the appeal is premature, and defendant's motion to dismiss it must be sustained.   If it did become absolute, the order is in his favor, made so virtually by his consent, and hence he cannot say that he has been aggrieved by it.   The situation is anomalous, to say the least, and not without difficulty; but we are not disposed to adopt a view which recognizes a right in litigants to juggle with a court, as plaintiff has shown a disposition to do in this case.   We hold that by filing his acceptance, couched in the terms it is, the plaintiff waived any irregularity in the proceedings on the motion, and that, having thereby avoided

another trial, he has no grievance which he may submit to this court. The appeal is therefore dismissed on this ground.

There may be some question whether the court may, in such a case as this, grant a new trial upon the issue of damages only. This question does not arise here, and as to it we venture no opinion.

*Dismissed.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE SMITH: My opinion is that when the plaintiff agreed to accept $4,000, provided the court had jurisdiction to make the order, he reserved no substantial right, but only an abstract question of law. The matter of how that legal question should finally be decided bore no relation to the fact question as to what amount would compensate plaintiff for the injury suffered by him. It was purely a speculation on his part. I therefore concur in the foregoing disposition of the case.