18498

A. Derrick STRICKLAND, Appellant, v. Joseph Carl PRINCE, Respondent

(148 S. E. (2d) 161)

498

*H. T. Abbott, Esq.,* of Conway, *for Appellant,*

*Messrs. McCaskill & Thompson,* of Conway, *for Respondent,*

May 5, 1966.

LEWIS, Justice.

This action arose out of an automobile collision in which plaintiff, although there was no physical impact on his person, claimed to have sustained, in addition to property damage, shock which resulted in injury and damage to his nervous system with resulting disability and loss of earnings. The trial of the case resulted in a verdict for plaintiff in the amount of $7,750.00, of which the sum of $608.15 was admittedly for property damage and the remainder for damages resulting from injury to plaintiff's nervous system. Upon the rendition of the verdict, defendant moved for a new trial *nisi.* Responsive to the motion, the trial judge granted a new trial, unless plaintiff remitted so much of the verdict as represented damages for personal injury, leaving only the verdict for property damage in the amount of $608.15. Plaintiff, instead of remitting, has appealed.

Since the plaintiff failed to remit in accordance with the order granting a new trial *nisi,* the effect of the order is to grant a new trial absolute. *Collins v. Johnson,* 245 S. C. 215, 139 S. E. (2d) 915. This appeal is therefore from an order granting a new trial.

The new trial was granted upon the ground that "the plaintiff has failed to carry the burden of proof in connecting his disability and related damages to the collision in question." We interpret the order of the lower court as based upon the conclusion that the portion of the verdict for damages for personal injury was contrary to the fair preponderance of the evidence. It was not based upon an error of law, nor upon the ground that the verdict was excessive, but upon a consideration of the evidence and a conclusion contrary to that of the jury with reference to the elements of damage in question. An order for a new trial based upon such considerations is not appealable. *Donkle v. Forster,* 238 S. C. 90, 119 S. E. (2d) 231; *Adams v. Duffie,* 244 S. C. 365, 137 S. E. (2d) 276.

Appeal dismissed.

Moss, Acting C. J., Bussey and Brailsford, JJ., and Legge, Acting J., concur.