PEGGY CHARLENE HAHN AND C. A. HAHN, APPEL–LANTS, v. OLIVER YACKLEY, RESPONDENT.

No. 5268

January 16, 1968 436 P.2d 215

---

*Elwin C. Leavitt,* of Las Vegas, for Appellants.

*Edwin S. Pomeranz* and *Leonard I. Gang,*[1] of Las Vegas, for Respondent.

## OPINION

By the Court, COLLINS, J.:

This appeal is from a final judgment in favor of respondent and from an order denying a new trial. We conclude the trial

---

[1] Counsel on appeal only.

court erred, set aside the judgment, and order a reinstatement of the new trial originally granted by the trial court.

The action below was for personal injuries suffered by Oliver Yackley as the result of an automobile-motorcycle collision in Las Vegas, Nevada, in August 1964, when he was struck by a car driven by Peggy Hahn and owned by C. A. Hahn. The jury returned a verdict against appellants for $50,906.

The court entered judgment on the jury verdict on August 29, 1964. Thereafter, the court granted Hahns a new trial unless Yackley accepted a judgment of $20,000 within 20 days from the date of the order. Yackley took no action on the court's remittitur order within the time fixed. Instead, Yackley appealed the order of the trial court.

Some time later, but before the appeal had been docketed, the district court, on motion of Yackley, granted leave to rehear Hahn's new trial motion upon which it had already acted. At that hearing the court set aside its former order of remittitur or alternatively for a new trial, and thereupon denied Hahns' motion for a new trial. The lower court then granted Yackley's motion to dismiss his appeal from the order conditionally granting the new trial. The position of the respective parties then being exactly reversed, Hahns filed a notice of appeal from the order refusing to grant a new trial and dismissing the appeal of Yackley. Later, Hahns amended their notice of appeal to include an appeal from the judgment against them as well.

The assignments of error are summarized as follows:

(1) Did the district court have the authority to reconsider its conditional order of remittitur or alternatively granting a new trial when respondent failed to act thereon within the time fixed?

(2) Did the court have authority to dismiss respondent's appeal?

(3) Was the court in error in failing to grant a nonsuit to appellant C. A. Hahn under the family responsibility doctrine, NRS 41.440?

(4) Was the lower court correct in requiring Peggy Charlene Hahn, appellant, to return to Nevada at her own expense, furnish a court reporter, and otherwise finance part of respondent's pretrial discovery costs?

Following the trial and the jury's verdict in favor of Yackley in the amount of $50,906 Hahns moved for a new trial. The grounds for the motion include, among others, that the verdict of the jury was excessive and appeared to have been given under the influence of passion and prejudice. The trial court in deciding the motion ordered as follows: " * * * that said motion for new trial be and the same shall be granted unless

plaintiff accept a remittitur reducing the jury verdict previously entered herein, in the sum of $20,000, on or before 20 days from the said 25th day of August, 1966." Yackley failed to indicate acceptance of the reduction in the verdict within the time allowed in the order, but instead filed his notice of appeal to this court from that order. The record fails to reveal the reasons for the trial court's conditional order and remittitur, but the obvious inference is that the damages were excessive. The only other document which sheds any light upon the basis for the court's ruling is contained in an affidavit of Edwin S. Pomeranz, Esq., attorney for Yackley, which states: "At the time of said hearing, the court did enter said order based upon the misconception that by reducing such judgment to $20,000 the court had assisted in effecting a final settlement of the said case, however subsequently thereto and although plaintiff did at all times formally attempt to settle on said basis and as per such understanding of the court, defendants through counsel have refused, specifying that defendants did not offer to settle for $20,000, contrary to the court's understanding." Yackley thereupon sought a rehearing of the motion for new trial. The trial court granted leave to rehear Hahns' motion for new trial, reversed its previous order, denied appellants' motion for new trial, and upon motion by respondent through his attorney dismissed Yackley's previously filed appeal.

It clearly was within the power of the lower court to grant the original conditional order for new trial. Hotel Riviera, Inc. v. Short, 80 Nev. 505, 396 P.2d 855 (1964). The effect of such an order when not accepted under the conditions fixed was discussed in Bonelli v. Jones, 26 Nev. 176, 181, 65 P. 374, 375 (1901), as follows: "[W]hen considered as a whole, it is clear that the order, in effect, granted a new trial unless the respondent consented to the modification prescribed therein; and, in case of his failure to comply with the requirements of the order, then the right to a new trial became absolute. * * * There was, in effect, no compliance with the terms of the order, and it thereupon became an order absolutely granting a new trial." Thus the effect of the failure of Yackley to consent to the modification perfected the order granting the new trial unless the trial court had unrestricted power to reconsider its previous order and either vacate it or modify it.

There is a substantial split of authority on the question. The annotation in 61 A.L.R.2d 642, entitled "Power of court to vacate or modify order granting new trial * * * " states that the general rule is to allow the trial court to reconsider its

orders made during its present term. It is based upon the theory that during that term the court has an inherent control over its judgment. That rule has been adopted by the federal courts and some state courts.

A contrary position is taken by a group of jurisdictions, of which California is a member. Their position is that once a court had entered its order for a new trial, its jurisdiction is exhausted and thereafter its power to change or modify the order is limited to cases of inadvertence or mistake in the entry thereof. Holtum v. Grief, 78 P. 11 (Cal. 1904). As the court stated in Owen v. Crocker-Huffman Land & Water Co., 177 P. 299 (Cal.App. 1918): "* * * [A] practice by which the trial court, after an order has been regularly and deliberately entered, could after reflection for a day, re-examine or recall the testimony and reach a different conclusion and set aside his order, thus regularly and deliberately made, would introduce a most dangerous rule." The California court went on to say that the "inadvertence" rule did not apply to a judgment given on deliberate consideration. The court noted that it can be implied that the original motion was considered and was ruled upon by the court as it saw proper. Allowing that considered order to be disturbed later would create confusion.

A review of the record in this case leads us to the conclusion that there was no inadvertence or mistake in the original entry of the trial court's remittitur order or granting a new trial.

We adopt the California rule and hold that once a trial court has entered its conditional order for a new trial and it is not accepted as ordered, its jurisdiction is exhausted and thereafter it has no power to change or modify the order except for inadvertence or mistake in the entry thereof.

We are strengthened in wisdom of this rule due to the fact that the trial courts of Nevada do not sit in terms. Thus, conceivably a motion to reconsider an order granting a conditional new trial could be urged almost at any time. We do not feel that is a sound rule.

There is no doubt that the district court did have the power to dismiss the appeal of Yackley upon motion. NRCP 73(a) reads in part: "If an appeal has not been docketed, * * * that court [the district court] may dismiss the appeal upon motion and notice by the appellant." See 3A Barron & Holtzoff, Federal Practice and Procedure § 1560. There was no error in

that order. It may well be argued that respondent dismissed his appeal upon his and the court's misconception of the law, but we see no prejudice in view of the fact that there must be a new trial.

Appellants say error was committed when the trial court refused to grant an NRCP 50(a) motion for a directed verdict after respondent's evidence and again at the close of the case as to C. A. Hahn for failure to prove he was owner of the car or that he allowed the car to be used by his daughter under the family car statute. See NRS 41.440. It is extremely doubtful the complaint adequately raises such issue, however, no attack was made by appellants on the pleadings for that reason. Proof at the trial was extremely sparse on the ownership and use of the automobile, but at least there was some. Astonishingly, no instruction on that point was offered by respondent or given by the court, but appellant doesn't assign that circumstance as error for our consideration. Finally, the only mention of C. A. Hahn's liability in closing argument was made by appellant's counsel. Notwithstanding that loose handling of the problem, we feel the objections can all be resolved at the retrial and require no specific ruling by us.

On the fourth assignment of error, apparently Hahns are complaining that the trial court somehow abused its discretion in requiring certain conditions to be met before allowing them to proceed with discovery procedures against Yackley. We have independently searched the record and failed to find the prejudice complained of or that the alleged error was preserved in a proper manner for our consideration. There is wide discretion in the trial court to control the conduct of pretrial discovery by any party to the action. However, a party who feels he is aggrieved by the actions of another party in engaging in pretrial discovery must make his complaint known in a timely manner to the trial court and seek either a protective order or a ruling establishing fault upon the record to preserve the question for our consideration. We find nothing of that sort in this record and decline further review of the assigned error.

Finally, certain other procedural questions and rulings on evidence were assigned as error by appellants, but because we direct that the cause be retried, we need not pass upon them.

The judgment is reversed and we order a reinstatement of the new trial originally granted by the trial court.

ZENOFF, BATJER, and MOWBRAY, JJ., concur.

THOMPSON, C. J., concurring:

Although I agree with the result reached I would prefer to rest the decision squarely upon our Rules of Civil Procedure. The jury returned a verdict in favor of Yackley and against the Hahns for $50,906. Judgment was entered. The Hahns timely moved for a new trial. The district court entered a conditional order for new trial unless Yackley would accept $20,-000 within 20 days. This conditional order was permissible. Hotel Riviera, Inc. v. Short; 80 Nev. 505, 396 P.2d 855 (1964); Bonelli v. Jones, 26 Nev. 176, 65 P. 374. Yackley did not consent to the reduction. Instead, he filed a notice of appeal. At that moment the district court lost jurisdiction of the substance of the case. Jurisdiction over the merits was transferred to this court. Of course, residual power remained in the district court to entertain specified applications incidental to the appeal, such as applications pursuant to Rules 73 and 76. However, it no longer possessed the power to reconsider the propriety of its conditional order for a new trial. When it endeavored to do so it acted in excess of its jurisdiction. Since the instant appeal is from an order entered by the district court upon motion to reconsider the conditional order granting a new trial, the appeal must fail, and the matter remanded for another trial in accordance with the conditional order therefor.