18871

Pat H. SELLERS, Respondent-Appellant, v. SEARS ROEBUCK AND COMPANY, Appellant-Respondent

(166 S. E. (2d) 1)

*Messrs. McKay, McKay, Black & Walker,* of Columbia, *for Appellant-Respondent,*

*Messrs. Owens T. Cobb, Jr., and Lewis, Cobb & Lewis,* of Columbia, *for Respondent-Appellant,*

*Messrs. McKay, McKay, Black & Walker,* of Columbia, for *Appellant-Respondent, in reply,*

February 17, 1969.

Per Curiam:

Plaintiff was awarded a verdict in the amount of $5,000.00 for actual damages allegedly sustained as a result of the breach by defendant of a building contract. Subsequently, the trial judge, upon motion of defendant, granted a new trial unless plaintiff remitted upon the record fifteen hundred ($1,500.00) dollars of the amount of the verdict. Plaintiff in due time remitted in the amount ordered by the trial judge, but upon the written condition "that if the defendant elects to appeal the said court order, then the plaintiff hereby reserves any and all rights to appeal that portion of the said order which required that plaintiff remit. * * *." The defendant appealed, as has the plaintiff. We need only consider whether the conditional remission by plaintiff and the subsequent occurrence of the condition constituted a failure to remit, putting into effect the provisions of the order of the lower court granting a new trial absolute.

We have held that, when a plaintiff fails to remit in accordance with the order granting a new trial nisi, the effect of the order is to grant a new trial absolute. *Strickland v. Prince,* 247 S. C. 497, 148 S. E. (2d) 161. Such was the effect in this case of the conditional remission. Plaintiff remitted on condition that defendant did not appeal. When defendant appealed, there was no remission because plaintiff specifically conditioned his acceptance of the reduction in the amount of the verdict upon the absence of an appeal by defendant.

The order for a new trial was based upon the ground that "verdict of five thousand and no/100 ($5,00-0.00) dollars is not responsive to the evidence in this case and is excessive." An order for a new trial based upon such considerations is not appealable. *Strickland v. Prince, supra.*

Since a new trial absolute has been granted by the lower court, upon unappealable grounds, it is proper that the appeals be dismissed; and it is so ordered.