## William May v. Breer Brothers, Inc.

[475 A.2d 1082]

No. 82-245

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 23, 1984

*Rice and Knosher,* Montpelier, for Plaintiff-Appellee.

*Joseph C. Palmisano* and *Jeffrey P. Towne,* Barre, for Defendant-Appellant.

**Gibson, J.** This is an appeal from a judgment of the Washington Superior Court, after trial by jury, finding for the plaintiff in the amount of $5,761.00 together with interest. The judgment is reversed and the cause is remanded.

Pursuant to a written contract, defendant agreed to construct a ranch-style home for plaintiff. Plaintiff, however, was to excavate the site, install drainage tile around the foundation, backfill and grade the lot, as well as paint both the interior and exterior of the building. Defendant was to pour the foundation, erect the building, install plumbing and wiring and do all interior and exterior finishing work.

After occupying the residence, plaintiff complained of various defects, all of which he contends were due to defendant's unworkmanlike performance. Defendant maintained at trial that any existing defects were caused by improper installation of the drainage tile by the plaintiff as well as by his incorrect backfilling and failure to clear the lot of trees. In short, defendant claimed any defects were caused by the plaintiff himself.

The jury found for plaintiff in the amount of $7,489.00. Judgment in this amount was entered for plaintiff on March 18, 1982. The trial court, in response to defendant's motion for a new trial, issued an order on April 14, 1982, which read as follows:

> Unless the Plaintiff agrees in writing, addressed to the Court, to remit the sum of $1,728.00 on the verdict returned by the jury *on or before April 26, 1982,* the verdict is set aside and Defendant's Motion for a New Trial is Granted. (Emphasis added.)

Plaintiff's letter agreeing to remit the amount was not received by the court until May 11, 1982. Nevertheless, the trial court struck the judgment order of March 18, 1982, and, on May 20, 1982, issued a new order directing defendant to pay $5,761.00 together with interest. Defendant appeals from that order and claims three errors, only one of which we need consider.

Defendant argues that because plaintiff failed to agree to remittitur in lieu of a new trial within the time parameters of the trial court's order, a new trial should have been granted on April 27, 1982, and the court's failure to so order constitutes an abuse of discretion.

Whether a Vermont trial court may, sua sponte, in the absence of a party's request, waive the time requirements of a conditional order for a new trial is a matter of first impression. There is some difference of opinion among other state courts. Compare *Podolski* v. *Sibley,* 12 Md. App. 642, 647, 280 A.2d 294, 297–98 (1971) (trial court had power to extend the time designated for the filing of remittitur and did not lose power "simply because the original time had expired") with *Hahn* v. *Yackley,* 84 Nev. 49, 53, 436 P.2d 215, 217–18

(1968) (once trial court has entered conditional order for a new trial and condition is not complied with, "its jurisdiction is exhausted and thereafter it has no power to change or modify the order . . . ."). In the absence of a request to extend the time, the more prevalent view holds that "[a]n order granting remittitur or, in the alternative, a new trial confers a substantive right. It is not interlocutory in nature and, therefore, does not remain subject to modification." *Salkay* v. *State Farm Mutual Automobile Insurance Co.,* 398 So. 2d 916, 917 (Fla. Dist. Ct. App. 1981). Failure to comply with the conditions of an order for remittitur or, alternatively, a new trial, perfects the order granting a new trial. *Hahn* v. *Yackley, supra,* 84 Nev. at 52, 436 P.2d at 217. Absent inadvertence or mistake in the entry of the original order, the order granting a new trial becomes absolute. *Id.* at 52–53, 436 P.2d at 217–18.

> [D]efendant's right to a new trial, contingent upon plaintiff's failure to consent to or accept the order . . . [is] as sacred as plaintiff's right to a denial of a new trial upon his performance of the condition.

*Owen* v. *Crocker-Huffman Land & Water Co.,* 38 Cal. App. 649, 653, 177 P. 299, 300 (1918) ; see also *Gloria* v. *A Colonia Portuguesa,* 128 Cal. App. 640, 642–43, 18 P.2d 87, 88 (1933) ; *Strickland* v. *Prince,* 247 S.C. 497, 499, 148 S.E.2d 161, 162 (1966) ; *Hahn* v. *Yackley, supra,* 84 Nev. at 52, 436 P.2d at 217; 58 Am. Jur. 2d *New Trial* § 217, at 441–42.

An exception to this rule exists in some jurisdictions authorizing the court to extend the time in which to comply with a condition if an application for an extension is made within the original time period. See, e.g., *Hyams* v. *Simoncelli,* 41 Cal. App. 2d 126, 131–32, 106 P.2d 68, 70–71 (1940) ; *Harris* v. *Speirs,* 55 Utah 474, 480, 186 P. 445, 447 (1920).

In this case, plaintiff did not request an extension of time in which to consent to remittitur. He simply did not comply with the terms of the court's order in a timely fashion. We hold that, in the absence of such request, the court had no discretion to waive the time requirement contained in its conditional order which, on April 27, 1982, gave the defendant an

■■■■

■■

absolute right to a new trial. *Strickland* v. *Prince, supra,* 247 S.C. at 499, 148 S.E.2d at 162.

*Reversed and remanded.*