MGM GRAND, INC., A DELAWARE CORPORATION, MGM DESERT INN, INC., A NEVADA CORPORATION, PETITIONERS, *v.* EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE MICHAEL J. WENDELL, DISTRICT JUDGE, RESPONDENTS, THE WALT DISNEY COMPANY, A DELAWARE CORPORATION, REAL PARTY IN INTEREST.

No. 21262

March 6, 1991                                        807 P.2d 201

---

[Rehearing denied May 9, 1991]

*Lionel Sawyer & Collins,* and *David Frederick,* Las Vegas; *Beckley, Singleton, DeLanoy, Jemison & List,* Las Vegas, for Petitioners.

*Monsey & Andrews,* Las Vegas; *Dewey Ballantine* and *Sanford M. Litvack,* New York, New York, for Real Party in Interest.

# OPINION

*Per Curiam:*

This lawsuit, part of an on-going conflict between respondent Walt Disney Company (Disney) and MGM, was filed by petitioner MGM Grand[1] in September 1989 in Clark County. MGM Grand sought a declaratory judgment permitting it to use the MGM name, logos, and trademarks on a movie-theme park it intends to build in Las Vegas.

Respondent answered by moving to quash service of process, contending that Nevada lacked jurisdiction over Disney. This motion was granted, the court below holding that it was "neither reasonable nor constitutionally permissible to require the Defendant to litigate this contractual dispute in Nevada."

MGM Grand and MGM Desert Inn now petition this court for a writ of mandamus compelling the court below to vacate its order. Specifically, petitioners argue the following: (1) that Disney, because of its contacts with the state of Nevada, is subject to the general jurisdiction of this state's courts; (2) that Disney, because of its subsidiaries' Nevada contacts, is subject to the general jurisdiction of the Nevada courts; and (3) that even if Disney lacks contacts sufficient to render it subject to general jurisdiction, the fact that the cause of action arises from Disney's Nevada activities makes the exercise of specific jurisdiction proper. Finally, petitioners argue that even if all these contentions are rejected, this court should still vacate the order of the court below and allow further discovery on the jurisdictional issue. We reject all of petitioners' contentions, and therefore deny the petition.

Petitioners' main contention is that respondent Walt Disney Co. (Disney) is subject to personal jurisdiction in the courts of this state. We disagree. In Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980), the United States Supreme Court pointed out that questions involving personal jurisdiction mandate an inquiry into whether it is "reasonable . . . to require the corporation to defend the particular suit that is brought there." The Court then enumerated several factors that are rele-

---

[1]MGM Desert Inn (a Nevada corporation that is a subsidiary of MGM Grand) was later added as a plaintiff—and is now also a petitioner.

vant to this inquiry: (1) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; (2) the forum state's interest in adjudicating the dispute; (3) plaintiff's interest in obtaining convenient and effective relief; and (4) the interest of the several states in furthering substantive social policies. *Id.*

Our examination of these factors reveals that Judge Wendell aptly summarized this case when he stated that it was "neither reasonable nor constitutionally permissible to require the Defendant to litigate this contract dispute in Nevada."

In analyzing this case, we are necessarily influenced by the fact that a substantially similar litigation (initially filed by MGM Grand) is currently taking place in California. Although that lawsuit differs in some respects from the instant action, the ultimate issue in the two cases is the same—namely, whether and to what extent does MGM Grand possess the right to use the MGM name in connection with movie-theme parks. Given the fact that California law certainly applies to the claims, and the fact that both parties' primary place of business is in California, we are bound to conclude that the interstate judicial system's interest in obtaining the most efficient resolution of controversies clearly points toward allowing this dispute to be resolved one time—in California.

Another factor of special concern to us in the instant case is plaintiff's interest in obtaining convenient and effective relief. Again, this interest points toward a denial of jurisdiction. Although such a conclusion may at first seem counter-intuitive, it must be remembered that MGM Grand initially attempted to litigate this dispute in California. This decision indicates to us that MGM Grand (at least initially) thought that its true interest in obtaining convenient and effective relief could best be served by having the controversy adjudicated in California.

Our conclusion that an exercise of personal jurisdiction would be improper is bolstered by an examination of each of the potential bases for jurisdiction. To begin, the exercise of general jurisdiction is not appropriate, because Disney's own contacts with the State of Nevada, which amount to no more than advertising and promoting the company's California theme parks, are neither continuous nor systematic. *See* Munley v. Second Judicial District Court, 104 Nev. 492, 496, 761 P.2d 414, 416 (1988) (in-state advertising and promotion not sufficient to create general jurisdiction).

In addition, our review of the record convinces us that Disney exercises no more control over its subsidiaries than is appropriate

for the sole shareholder of a corporation. Thus, Disney's subsidiaries' contacts may not be counted for jurisdictional purposes. *See* Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1159-61 (5th Cir. 1983).

Finally, Disney is not subject to specific jurisdiction in Nevada. The dissent appears to take the position that because Disney was granted worldwide exclusive rights to use the MGM name in connection with movie-theme parks, it thereby acquired a "worldwide contact" that allowed it (Disney) to be "haled into court" anywhere in the world. While we understand the interest of the dissent in attempting to protect the interests of the Nevada economy, we are unable to adopt this proposed reasoning, for to do so would exceed the boundaries of personal jurisdiction and due process as those principles have been described by the United States Supreme Court. Thus far the Supreme Court has required that before an exercise of specific jurisdiction becomes proper, the defendant must purposefully establish contacts with the forum state. Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985). As the Court has stated, "[t]he unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state." *Id.*

Here, MGM Grand's unilateral attempt to challenge Disney's contractual rights in the courts of this state is not enough to create minimum contacts with Nevada. This is because <u>Disney</u> has in no way directed any sort of action toward Nevada. Accordingly, specific jurisdiction does not exist. *See* Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir.), *cert. granted,* 111 S.Ct. 39 (1990) (in order to find specific jurisdiction, cause of action must arise out of *defendant's* affirmatively directed conduct toward forum state).

In short, we find that the factors enumerated by the United States Supreme Court lead to the inexorable conclusion that Nevada's exercise of jurisdiction under the circumstances of this case would be unreasonable. This holding is buttressed by the fact that none of the traditional bases for exercising personal jurisdiction are present in this case.

As a final matter, we reject petitioners' contention that further discovery is needed. In the court below, and here, petitioners argued that broader discovery of Disney's subsidiaries should have been allowed. Also, petitioners contended that they should have been allowed to take the deposition of Michael Eisner, Chairman of the Board of Walt Disney Company. The trial court

limited discovery to Disney's Nevada subsidiaries and only allowed petitioners to depose Frank Wells, Disney's president.

Initially, we note that petitioners volunteered to limit discovery to the Nevada subsidiaries, and informed the judge that Mr. Wells' deposition would be sufficient. In addition, petitioners, in their memorandum of points and authorities opposing the motion to quash, failed to claim that more discovery was needed. Consequently, because petitioners failed to press their discovery claims in the court below, these claims were probably waived. *See* Landmark Hotel v. Moore, 104 Nev. 297, 299, 757 P.2d 361, 362 (1988) (failure to object to order of the court results in waiver of objection).

Even if petitioners' discovery claims were not waived, however, the trial court's rulings on the discovery issues must be upheld. *See* Hahn v. Yackley, 84 Nev. 49, 54, 436 P.2d 215, 218 (1968), in which we held that "there is wide discretion in the trial court to control the conduct of pretrial discovery . . . ."

Here, the trial court's rulings were certainly within the scope of this wide discretion. As discussed above, the question of jurisdiction involved an analysis of Disney's in-state subsidiaries; it was therefore reasonable to limit discovery to these in-state subsidiaries. Also, the trial court's conclusion that Wells would be more knowledgeable than Eisner on this issue was reasonable, since Wells was on the board of directors of many of the subsidiaries, and Eisner was not. Consequently, we reject petitioners' arguments on this issue.

We deny the petition for writ of mandamus.

MOWBRAY, C. J., dissenting:

Respectfully, I dissent.

Questions of personal jurisdiction over a non-resident defendant are decided under the "minimum contacts" analysis.[1] *See* Hanson v. Denckla, 357 U.S. 235 (1958); McGee v. International Life Ins. Co., 355 U.S. 220 (1957); International Shoe Co. v. Washington, 326 U.S. 310 (1945). Under Nevada law "two principal factors must be considered in determining whether a court may constitutionally exercise personal jurisdiction over a given corporate defendant: the significance of the defendant's contacts with the forum and the relationship of the cause of action to those forum contacts." Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 412-413 (9th Cir. 1977).

Disney's preliminary contact with Nevada is a contract. *See*

---

[1]Nevada's long-arm statute does not bar jurisdiction. This court has previously suggested that the intent of the statute is to confer jurisdiction whenever federal due process requirements are met. Davis v. District Court, 97 Nev. 332, 338, 629 P.2d 1209, 1213 (1981).

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) (a contract can be a contact).[2] The contract at issue grants Disney the "worldwide exclusive right" to use the "MGM" name, logos, trademarks, and films in connection with studio theme parks. This contract, if valid, gives Disney the right to oust MGM Grand from using the "MGM" name in Nevada. While this "worldwide" contact might seem somewhat intangible, it is certainly significant when one considers the size of the project at issue. Moreover, this contact is directly related to the declaratory judgment action. (One significant fact is that the contract contained a "choice of law" clause, but not a "choice of forum" clause. This suggests that Disney anticipated being haled into court in other jurisdictions where a controversy might arise.)

Disney's contacts with Nevada extend beyond the existence of the above contract. Disney has "purposefully directed" its activities towards Nevada by taking the position that MGM's planned theme park is inconsistent with Disney's contract.[3]

MGM's complaint alleges that "Disney seeks to prevent the plaintiffs from using the 'MGM Grand' name with respect to the construction and operation of competitive enterprises which would employ many people and generate substantial revenues in the State of Nevada, particularly in the City of Las Vegas." It further alleges that, "when advised that the building and operation of an amusement park in Las Vegas was under consideration and when plaintiffs' representatives expressed their plan to use the aforementioned marks, Disney flatly disputed and denied the right to use said marks in any such connection."

Disney essentially concedes MGM's allegation. In a motion to quash service of process, Disney states: "Plaintiffs, who claim to have a plan to construct a movie theme park and studio tour, know full-well that any such plan would be in complete derogation of Disney's rights."

Jurisdiction is established when plaintiffs present facts which make a prima facie showing of personal jurisdiction. Davis v. District Court, 97 Nev. 332, 337, 629 P.2d 1209, 1212 (1981). In the present case, a prima facie showing of jurisdiction has been met. Plaintiffs have alleged, and Disney has apparently conceded, that Disney has taken a position inconsistent with the use of the

---

[2]In *Burger King,* a Florida corporation obtained jurisdiction in Florida over a Michigan franchisee based upon contract documents, and a relationship with the Miami headquarters. *Burger King,* 471 U.S. at 487.

[3]In *Burger King,* the United States Supreme Court stated the following: "So long as a commercial actor's efforts are 'purposefully directed' towards residents of another state, we have consistently rejected the notion that an absence of physical contacts can defeat jurisdiction there." *Burger King,* 471 U.S. at 476.

MGM name for the Las Vegas theme park. Disney's conduct and actions will substantially interfere with MGM's proposed park in Nevada.[4] *See* Calder v. Jones, 465 U.S. 783 (1984) (California jurisdiction was available where defendant's intentional conduct in Florida was calculated to injure a California plaintiff). Under such circumstances, a finding of jurisdiction would comport with the traditional conceptions of "fair play and substantial justice" mandated by *International Shoe.*

Finally, jurisdiction is present under the test pronounced in Asahi Metal Ind. v. Superior Court of California, 480 U.S. 102 (1987). The *Asahi* opinion noted that in making a jurisdictional inquiry, a court must consider several factors: (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiffs' interest in obtaining relief; (4) the "interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) the shared interest in the "several states of furthering fundamental social policies." *Asahi,* 480 U.S. at 113.

In the present case, the balance of factors lies in favor of jurisdiction. Disney is a large corporation which can afford to litigate anywhere. Nevada's interest in a major construction project is strong. Plaintiffs' interest in a quick adjudication of the issue is also strong. Efficiency concerns support resolving the dispute prior to construction. When considering all these factors, jurisdiction is present under the *Asahi* test.

---

[4]Meanwhile, Disney advertises and promotes its directly competing California and Florida attractions in Nevada on a large scale.