# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAN HARRIS, AN INDIVIDUAL,
Appellant,
vs.
THE DEPOSITORY TRUST AND
CLEARING CORPORATION, A HOLDING
COMPANY ORGANIZED UNDER THE
LAWS OF NEW YORK; THE
DEPOSITORY TRUST COMPANY, A
WHOLLY OWNED SUBSIDIARY OF THE
DEPOSITORY TRUST & CLEARING
CORPORATION AND ORGANIZED
UNDER THE LAWS OF NEW YORK; AND
CEDE AND COMPANY, A NEW YORK
PARTNERSHIP,
Respondents.

No. 72529



FILED

FEB 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order dismissing a complaint for lack of personal jurisdiction and as barred by the statute of limitations in a securities action. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge. Appellant Jan Harris argues that the district court erroneously determined that it lacked personal jurisdiction over respondents. We disagree and affirm.[1]

We review a district court order dismissing a complaint for lack of personal jurisdiction de novo. *Baker v. Eighth Judicial Dist. Court*, 116 Nev. 527, 531, 999 P.2d 1020, 1023 (2000). To establish personal jurisdiction over a nonresident defendant, a plaintiff must show that the

---

[1]As we affirm the district court's order on jurisdictional grounds, we decline to address the statute-of-limitations issue or whether Harris's causes of action are more properly litigated before the Securities and Exchange Commission.

requirements of Nevada's long-arm statute, NRS 14.065, have been satisfied and that the exercise of jurisdiction does not abridge due process. *Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 512, 134 P.3d 710, 712 (2006). Due process requires a nonresident defendant to have "minimum contacts with the forum state sufficient to ensure that exercising personal jurisdiction over him would not offend traditional notions of fair play and substantial justice." *Id.* (internal quotation marks omitted); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 476 (1985). The defendant must have contacts with the forum sufficient for the defendant to "reasonably anticipate being haled into court there." *Arbella Mut. Ins. Co.*, 122 Nev. at 512, 134 P.3d at 712 (internal quotation marks omitted). The contacts with the forum state satisfy due process if either general or specific personal jurisdiction is present, *id.*, and Harris argues only that specific personal jurisdiction applies. The district court has specific personal jurisdiction over a nonresident defendant only where (1) the defendant purposefully avails itself of the privilege of acting in Nevada, enjoying the protection of Nevada's laws, or affirmatively directing conduct toward Nevada; (2) the cause of action arises from the defendant's deliberate conduct toward Nevada; and (3) exercising jurisdiction would be reasonable. *Id.* at 513, 134 P.3d at 712-13.

The Depository Trust and Clearing Corporation (DTCC) is a holding company that is a New York corporation, the Depository Trust Company (DTC) is a New York corporation that is a wholly owned subsidiary of DTCC, and Cede and Company (Cede) is a New York partnership, of which DTC and DTCC are partners. DTC is a registered clearing agency that contracts with broker-dealers who constitute its Participants to provide the Participants with book-entry services for

securities that the Participants deposit with DTC. Those securities are held in the street name of DTC's nominee, Cede, who is thus the legal owner of the securities. Harris bought shares in BCIT, a Nevada corporation, through two brokers, Scottrade and TD Ameritrade. Harris is the beneficial owner of the BCIT shares, which are held in the street name of Cede. After more than 200 million fraudulent shares of BCIT were deposited at DTC, DTC issued a "global lock" on that security, barring all transactions in BCIT to prevent its system from facilitating a fraudulent transaction. Harris pursued an unsuccessful claim in arbitration against her brokers, where the Financial Industry Regulatory Authority held that the brokers violated no duty owed to Harris in failing to deliver stock certificates to her retitled in her name, finding that the global lock prevented their acting and Harris assumed the risk that trading in BCIT would be suspended. Harris subsequently filed the underlying suit against respondents for several claims relating to their failure to provide stock certificates titled in her name and their alleged interference with her possessory interest in those shares.

Taking Harris's allegations as true, Harris has failed to show that respondents have sufficient minimum contacts with Nevada to establish specific personal jurisdiction in this forum state with respect to her causes of action. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum state must be assessed individually."); *Casentini v. Ninth Judicial Dist. Court*, 110 Nev. 721, 725, 877 P.2d 535, 538 (1994) (holding that the plaintiff bears the burden of making a prima facie showing of personal jurisdiction and that this court accepts as true a plaintiff's proffers of evidence).

Harris argues that Cede's holding legal title in shares of a Nevada corporation (BCIT) established sufficient contacts with Nevada for specific personal jurisdiction over respondents.[2] This shareholder contact does not suffice to establish minimum contacts. Cede's holding bare legal title in BCIT shares is passive, and Harris's complaint alleged that DTC's and Cede's actions were nondiscretionary and merely ministerial. In *MGM Grand, Inc. v. Eighth Judicial Dist. Court*, 107 Nev. 65, 68-70, 807 P.2d 201, 203 (1991), we rejected the idea that a parent company's Nevada subsidiaries' contacts may be considered in determining minimum contacts with Nevada where the parent company exercised no more control than a sole shareholder ordinarily would over a subsidiary. Cede's ministerial contacts with Nevada by way of its holding nominal title in shares of a Nevada corporation constitute a more meager contact with Nevada than a parent company's sole ownership of a Nevada subsidiary, which was insufficient to vest personal jurisdiction. *See id.; see also Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 589-91 (9th Cir. 1996) (concluding that a defendant's majority interest in a California-based subsidiary was too attenuated to vest personal jurisdiction where the defendant conducted no business and maintained no offices in California, was not directly involved in the subsidiary's operations, and typically

---

[2]Harris's related argument that respondents consented to personal jurisdiction in Nevada by assuming this role as to BCIT shares largely reargues that respondents had sufficient contacts with Nevada for personal jurisdiction and misconstrues the doctrine of consent, which addresses a waiver to the requirement of personal jurisdiction. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982) (discussing the waiver of personal jurisdiction). To the extent that it is raised as a bare claim, the record belies that respondents implicitly or expressly consented to the jurisdiction of Nevada courts.

communicated with the subsidiary in other fora). *But see Casentini*, 110 Nev. at 727-28, 877 P.2d at 539-40 (holding that contacts were sufficient for a defendant who was a sole shareholder in a Nevada corporation to reasonably anticipate being haled into court where the defendant *also* (1) declared a Nevada address as his address on his corporate income tax form and (2) engaged in the allegedly fraudulent transfers in a Nevada corporation with a Nevada resident that constituted the basis of the cause of action). Finally, Harris's argument that Nevada law controls her rights in the stock does not establish personal jurisdiction. *See Shaffer v. Heitner*, 433 U.S. 186, 215 (1977) (observing that a given forum's law may apply to a dispute without its courts having personal jurisdiction over the defendants). We conclude that the district court did not err in determining that it lacked personal jurisdiction over respondents.

Having considered Harris's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc: Hon. Jerome M. Polaha, District Judge
Robert L. Eisenberg, Settlement Judge
Jan Harris
Laxalt & Nomura, Ltd./Reno
Washoe District Court Clerk