BERNIE SHAPIRO, PETITIONER, *v.* THE HONORABLE JOSEPH S. PAVLIKOWSKI, SITTING AS JUDGE OF DEPARTMENT III OF THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, AND COIN-O-MATIC OF NEVADA; RESPONDENTS.

No. 14136

December 15, 1982                            654 P.2d 1030

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to participate in this case in the place of THE HONORABLE THOMAS STEFFEN, who voluntarily disqualified himself. Nev. Const., art. 6, § 19; SCR 10.

*Greenman, Goldberg & Raby,* Las Vegas, for Petitioner.

*Marquis & Haney,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This original proceeding in prohibition challenges respondent district court's order denying petitioner's motion to quash service of a summons and complaint, filed by respondent Coin-O-Matic and naming petitioner a party defendant. Petitioner, a resident of Arizona, contends that the district court lacks jurisdiction over his person. We agree.

The complaint below alleges that petitioner is indebted to respondent Coin-O-Matic in the sum of $69,084.91, for goods sold and delivered. Petitioner was served with process at his home in Arizona. He moved to quash service of process, arguing that he had committed no act or acts within the State of Nevada sufficient to confer in personam jurisdiction upon the district court. *See* NRS 14.065. Respondent contends that certain business activities which petitioner conducted within this state while either an employee or independent contractor of Coin-O-Matic, including the cashing of an expense check at a Nevada bank, constituted "transacting business" and "negotiating commercial paper" within this state, thereby conferring jurisdiction over his person in the suit below.

Personal jurisdiction over an out-of-state defendant may

only be conferred on Nevada courts under NRS 14.065 when the defendant commits, within the state, one or more of certain acts enumerated by the statute. These include transacting business and negotiating commercial paper. However, jurisdiction extends only to causes of action which arise from those acts. NRS 14.065(3); *see* Certain-Teed Prods. v. District Court, 87 Nev. 18, 479 P.2d 781 (1971). Here, the business activities petitioner engaged in within the state have absolutely nothing to do with the cause of action alleged against him in Coin-O-Matic's complaint. The complaint seeks to collect on a debt allegedly incurred for goods petitioner ordered from Arizona by telephone.[1] The cause of action alleged does not arise out of the activities set forth by respondent as a basis for jurisdiction; indeed, petitioner committed no act within the State of Nevada with respect to the alleged debt or the goods allegedly sold and delivered. Jurisdiction over his person under these circumstances would be unreasonable. *See* McDermond v. Siemens, 96 Nev. 226, 607 P.2d 108 (1980); Certain-Teed Prods. v. District Court, *supra; see also* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).

The writ of prohibition shall issue to restrain the district court from further proceedings against petitioner upon Coin-O-Matic's complaint.

---

[1]The telephone calls were apparently initiated by Coin-O-Matic's Nevada-based employees.