EMMETT MUNLEY, Petitioner, v. SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, THE HONORABLE ROBIN A. WRIGHT, Respondents, and TRIMONT LAND COMPANY, a California Corporation, dba NORTHSTAR AT TAHOE, Real Party in Interest.

No. 18809

September 21, 1988                    761 P.2d 414

---

*Erickson, Thorpe, Swainston, Cobb & Lundemo, Ltd.*, Reno, for Petitioner.

*Margo Piscevich*, Reno, for Respondents and Real Party in Interest.

## OPINION

*Per Curiam:*

On May 12, 1987, petitioner Emmett Munley, a Nevada resident, filed a complaint in the Second Judicial District Court

against Trimont Land Company, dba Northstar at Tahoe (Northstar), a California ski resort. The complaint alleged that petitioner was injured on January 14, 1987, while riding a chair lift at Northstar which had been negligently managed, maintained, and operated by Northstar's employees. Northstar appeared specially and moved the district court to quash service of process, contending that the district court lacked *in personam* jurisdiction. Petitioner opposed the motion. The evidence presented to the district court shows that Northstar's contacts with Nevada consisted solely of advertising and promotional activities. These activities included continuous membership in the Reno/Sparks Chamber of Commerce since 1984, the maintenance of a contract with a Reno outdoor advertising company, the placement of one advertisement in the Las Vegas Review Journal, the placement of an advertisement in the Reno telephone directory, and the distribution of brochures to several ski shops and sporting goods stores in the Reno area. The district court concluded that it lacked personal jurisdiction over Northstar and, accordingly, granted Northstar's motion to quash service of process.

Petitioner contends that, based upon Northstar's business activities in Nevada, the district court should have asserted personal jurisdiction over Northstar pursuant to NRS 14.065(2)(a), Nevada's long arm statute.[1] We disagree. NRS 14.065(2)(a) authorizes a district court to assert personal jurisdiction over a nonresident defendant who has transacted business in Nevada, if the cause of action *arises from* those business activities. *See* Shapiro v. Pavlikowski, 98 Nev. 548, 654 P.2d 1030 (1982). Assuming, *arguendo,* that Northstar's promotional activities in Nevada constituted "transacting business," petitioner has failed to demonstrate that his cause of action *arose from* these activities. In particular, we note that petitioner alleged in his complaint that his injuries were proximately caused by the negligent management, maintenance and operation of Northstar's ski chair lifts in

---

[1]NRS 14.065 provides in pertinent part:

2. Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if a natural person, his personal representative to the jurisdiction of the courts of this state as to any cause of action which arises from:

(a) Transacting any business or negotiating any commercial paper within this state;

. . . .

3. Only causes of action arising from these enumerated acts may be asserted against a defendant in an action in which jurisdiction over him is based on this section.

California. Even if we accept this allegation as true, petitioner's cause of action did not arise out of Northstar's activities in Nevada. Indeed, there is nothing in the record suggesting that Northstar's promotional activities in Nevada were related to its alleged negligence in maintaining and operating its California chair lifts. *See, e.g.,* Berks v. Rib Mountain Ski Corp., 571 F.Supp. 500 (N.D.Ill. 1983); Wisselman v. Mount Snow, Ltd., 524 F.Supp. 78 (E.D.N.Y. 1981). When a cause of action does not arise out of a nonresident defendant's acts in the forum, the assertion of jurisdiction would be unreasonable. *See Shapiro, supra.* Moreover, Northstar's promotional activities do not confer jurisdiction upon the district court even though petitioner's trip to Northstar was in response to such promotional activities. *See* Circus Circus Hotels, Inc. v. Superior Court, 174 Cal.Rptr. 885, 900 (Cal.Ct.App. 1981) (nonresident defendant hotel's promotional activities in California do not, without more, operate to confer personal jurisdiction over defendant, where plaintiff sues in California for defendant's alleged negligence occurring in the course of recreational activities at defendant's hotel, even though plaintiff's sojourn outside the forum was in response to such promotional activities). Accordingly, under the facts of this case, we conclude that Northstar's acts in Nevada were insufficient to confer personal jurisdiction upon the district court pursuant to NRS 14.065(2)(a).[2]

We are not persuaded by petitioner's assertion that pursuant to Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), his cause of action need only "relate to" Northstar's acts in Nevada. Rudzewicz, a Michigan franchisee, had entered into a franchise contract with Burger King, a Florida corporation. Burger King subsequently commenced an action against Rudzewicz in Florida for breach of contract. In holding that Florida's long-arm statute conferred jurisdiction upon Florida's courts, the Supreme Court concluded that Rudzewicz had deliberately reached out beyond his home state and established a substantial 20-year contractual relationship with Burger King's headquarters in Florida. Reasoning that this relationship "can in no sense be viewed as 'random,'

---

[2]To the extent petitioner contends that the district court may assert personal jurisdiction pursuant to NRS 14.065(2)(b), based upon Northstar's alleged commission of a "tortious act," we conclude that NRS 14.065(2)(b) does not operate to confer jurisdiction over Northstar. *See* Calder v. Jones, 465 U.S. 783 (1984) (a nonresident defendant who engages in *intentional,* and allegedly tortious, actions *expressly aimed at the forum* should reasonably anticipate being haled into court there; if, however, the defendant has committed "mere untargeted negligence," he cannot reasonably anticipate having to defend a lawsuit in another jurisdiction).

'fortuitous,' or 'attenuated,' '' the court concluded that "this franchise dispute [the cause of action] grew *directly out of* 'a contract which had a *substantial* connection with [Florida].' '' *Burger King,* 471 U.S. at 479, 480 (emphasis added). The *Burger King* opinion thus suggests that the cause of action must have a specific and direct relationship or be intimately related to the forum contacts. In the present case, however, Northstar's contacts with Nevada were neither significant nor substantial and were therefore insufficient to support the assertion of jurisdiction on a cause of action not directly related to those contacts.

Finally, the requirements for "general" jurisdiction similarly have not been satisfied in the present case. None of Northstar's promotional activities evince a pattern of "substantial and continuous" activities within this state sufficient to give rise to a presence in Nevada and to confer general jurisdiction on the district court. *See* Laxalt v. McClatchy, 622 F.Supp. 737, 742 (D.Nev. 1985). The district court therefore properly concluded that it lacked either specific jurisdiction, under the long arm statute, or general jurisdiction, over Northstar.

Accordingly, for the reasons expressed above, we deny this petition.