**Manuel CACDAC, M.D., Plaintiff,**

v.

**William H. SWEET, M.D., Defendant.**

**No. TH 88–205–C.**

United States District Court, S.D. Indiana, Terre Haute Division.

Sept. 6, 1989.

John H. Caress, Lesa Lux Johnson, Indianapolis, Ind., Darrell E. Felling, Terre Haute, Ind., for plaintiff.

James A. Goodin, Goodin & Kraege, Indianapolis, Ind., for defendant.

## MEMORANDUM

BROOKS, Chief Judge.

This matter comes before the Court upon defendant, William H. Sweet, M.D.'s, Motion to Dismiss for lack of personal jurisdiction. The action is based on certain statements made by the defendant in a television interview broadcast on *CBS News—"60 Minutes"* regarding the plaintiff, Dr. Manuel Cacdac, M.D., that Dr. Cacdac alleges were defamatory per se and made with malice.

Dr. Cacdac claims this Court has subject matter jurisdiction over this cause on the basis of diversity. Dr. Sweet argues that this Court does not have personal jurisdiction over him and therefore the action should be dismissed. Dr. Cacdac requests that if this Court determines that it has no personal jurisdiction over Dr. Sweet, the proper remedy would be to transfer the cause to the United States District Court for Boston, Massachusetts. Both parties agree venue would be proper in Massachusetts.

Subject matter jurisdiction in this case is predicated upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff Cacdac is a citizen of the State of Indiana, currently residing in Terre Haute. Defendant Sweet is a resident of Massachusetts, currently residing near Boston. In his Affidavit, Dr. Sweet states that he has had contacts with the State of Indiana on only three occasions. Dr. Sweet has traveled to Indiana on two occasions to testify as a witness in state court proceedings where Dr. Cacdac was a defendant in medical malpractice actions. On a third occasion, Dr. Sweet appeared as a witness on behalf of the Attorney General of the State of Indiana before the Indiana State Medical Licensing Board wherein Dr. Cacdac was the respondent. The alleged defamatory statements broadcast on *"60 Minutes"* were made at Dr. Sweet's office in Boston. Based on the lack of contacts with the State of Indiana, Dr. Sweet claims that this Court has no power to exercise personal jurisdiction over him in this action. However, because Dr. Sweet made the statements to "60 Minutes," a nationally televised news program which Dr. Sweet knew or had reason to know would be televised in Indiana, Dr. Cacdac claims that Indiana's "long arm" statute establishes this Court's jurisdiction over Dr. Sweet.

The Indiana long arm statute is contained in Rule 4.4 of the Indiana Rules of Trial Procedure. If Dr. Cacdac's claim is to succeed, the exercise of personal jurisdiction over Dr. Sweet must be based on the provisions of this rule. Federal Rules of Civil Procedure 4(e); *Madison Consulting Group v. State of South Carolina,* 752 F.2d 1193, 1195 (7th Cir.1985). It is clear that Rule 4.4(A)(5), (6) and (7) are not applicable to this fact situation. The remaining section of Rule 4.4(A) is as follows:

(A) Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from

the following acts committed by him or his agent:

(1) doing any business in this state;

(2) causing personal injury or property damage by an act or omission done within this state;

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

(4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state.

Dr. Sweet claims in his Affidavit that he was not compensated in any way as a witness nor reimbursed for expenses incurred in any of the three occasions he testified in Indiana. Dr. Cacdac has not made any claims that Dr. Sweet made any defamatory statements during any of his three occasions in Indiana. The alleged defamatory statements that Dr. Cacdac complains of took place in Dr. Sweet's office in Boston. This Court does not feel that the three visits by Dr. Sweet constitute "doing business within the state" or "supplying services rendered" nor did Dr. Sweet cause personal injury by any act done within the state. Therefore, Rules 4.4(A)(1), (2) and (4) are not applicable.

■ If Indiana jurisdiction can be found, it must be based on Rule 4.4(A)(3). At first glance this provision of Indiana's long-arm statute makes jurisdiction seem possible. However, there is a second step in the process of determining whether the exercise of personal jurisdiction is proper. This Court must ascertain whether an exercise of jurisdiction over Dr. Sweet would accord with the due process mandates contained in the Fourteenth Amendment of the Constitution of the United States. *Oddi v. Mariner–Denver, Inc.*, 461 F.Supp. 306 (S.D. Ind.1978). The constitutional standard for determining whether a state may assert jurisdiction over a nonresident defendant requires that a defendant have "certain minimum contacts" with [the forum state] such that maintenance of the suit [would] not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) [quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940) ]. In order to determine whether Dr. Sweet has sufficient minimum contacts to support exercise of jurisdiction over him, the Court must focus on the relationship between the defendant, the forum state, and the subject matter of the litigation. *Madison Consulting Group v. State of South Carolina*, 752 F.2d 1193, 1198–99 (7th Cir.1985).

The subject matter of this litigation is based on statements made in Massachusetts but broadcast nationally over CBS television. There is little doubt that "60 Minutes" has a substantial viewing audience in Indiana, as it does across the nation. But, even if Dr. Sweet made defamatory statements knowing that "60 Minutes" is televised in Indiana, this fact would not necessarily establish jurisdiction over him in this Court. In *World–Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980), the Supreme Court specifically rejected the argument that foreseeability of causing injury in another state should be sufficient contact for a Court to exercise jurisdiction over an out-of-state defendant. Rather, "the foreseeability that is critical to due process analysis ... is that the defendant's contact and connection with the forum state are such that he should reasonably anticipate being hauled into court there." *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567. On the basis of these events, the Court does not feel that Dr. Sweet could reasonably have foreseen being hauled into court in Indiana on the basis of statements he made in Massachusetts. Applying these constitutional considerations to the facts at hand, the Court must conclude that due process limits forbids the exercise of jurisdiction by this Court.

■ The defendants have asked that this case be dismissed for lack of personal jurisdiction. The plaintiffs have requested that if lack of personal jurisdiction be found that the Court transfer this cause to the District Court in Boston. 28 U.S.C. § 1406(a) states:

The District Court of a district in which is filed a case laying venue in the wrong division or district should dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The alleged publication of the slander occurred on December 21, 1986. Indiana has a two year statute of limitations for intentional torts, which has now run.

When a lawsuit is filed that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitations would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff where such statutes of limitations were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, congress by enactment of § 1406(a) recognizes that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that plaintiff not be penalized.... *Goldlawr v. Heiman*, 369 U.S. 463, 467 [82 S.Ct. 913, 916, 8 L.Ed.2d 39] (1962).

This Court finds that it is the best interests of justice to transfer this cause rather than to dismiss it.

This Court hereby ORDERS that the Motion to Dismiss be DENIED and that this cause be TRANSFERRED to the United States District Court for Boston, Massachusetts.

IT IS SO ORDERED.