WESTERN HERITAGE THRIFT AND LOAN, Appellant, v. JAMES MITCH CLOUTIER AND G. NORMAN CLOUTIER, Respondents.

No. 21299

June 28, 1991                                    813 P.2d 999

---

*Silverman and Decaria,* and *Victoria S. Mendoza,* Reno, for Appellant.

*Paul A. Richards,* Reno, for Respondents.

# OPINION

By the Court, YOUNG, J.:

Respondents leased a loader and trailer from the Case Equipment Company dealership in Reno. The dealership arranged for financing through appellant, a thrift institution located in Sandy, Utah. Respondents filled out a credit application at the Case dealership in Reno. Case sent the application to appellant, which approved the loan and sent a check to the dealership. Respondents sent their payments to Utah.

Respondents subsequently defaulted on their payments. Appellant repossessed the loader and trailer and took them to Utah. Respondents corresponded with appellant in an effort to redeem the property. When these negotiations proved fruitless, appellant sold the equipment for less than the balance owed on the lease agreement. Appellant then obtained a Utah deficiency judgment. The judgment was filed with the Nevada Second Judicial District Court under the Uniform Foreign Judgments Act, NRS 17.330-17.400.

Respondents moved for dismissal of the foreign judgment, alleging that the Utah court lacked jurisdiction. In granting respondents' motion, the trial court stated:

> Subjecting the Cloutiers to the jurisdiction of the Utah court would be inconsistent with the due process clause of the Fourteenth Amendment. They purchased the Case loader in Nevada from a Nevada dealer to be used in Nevada, and the dealer provided financing through a Utah lending institution. There were no actual activities of any kind in the State of Utah by the defendants. This Court cannot find that the execution of the lease to finance purchase of the equipment in the State of Nevada created activities or consequences

substantial enough to make the exercise of jurisdiction by the State of Utah reasonable.

The court then ruled that the Utah long-arm statute[1] unconstitutionally exceeded the bounds of the Fourteenth Amendment Due Process Clause.

While appellant is correct in stating that the district court erred in declaring the Utah long-arm statute unconstitutional, we disagree with appellant's assertion that reasonableness should not be considered in determining the existence of specific jurisdiction. The trial court's refusal to apply the Utah statute was correct as an "as applied" due process violation. We have previously held that, where a cause of action does not arise out of a nonresident defendant's acts in the forum, the assertion of specific jurisdiction would be unreasonable. Munley v. District Court, 104 Nev. 492, 495, 762 P.2d 414, 416 (1988); Shapiro v. Pavlikowski, 98 Nev. 548, 550, 654 P.2d 1030, 1031 (1982).

This case is controlled by the decision in Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985). In upholding the exercise of jurisdiction by a Florida court over a Michigan defendant, the Court determined that Rudzewicz had deliberately "reached out" beyond Michigan to establish a contractual relationship with a Florida corporation. 471 U.S. at 479. The Court opined that "in no sense can this relationship be viewed as 'random,' 'fortuitous,' or 'attenuated.'" 471 U.S. at 475, *quoted in Munley,* 104 Nev. at 495, 762 P.2d at 416.

Appellant has failed to establish that the respondents "reached out" to Utah when they leased their backhoe and trailer. They did business with a Reno dealership. The dealer arranged for financing with the appellant. All direct contact between appellant and respondents occurred after the financing arrangements were concluded. This type of contact approximates the "random," "fortuitous," or "attenuated" contact distinguished by the Court in *Burger King.* We therefore hold that respondents' contacts with Utah were insufficient to support the exercise of specific jurisdiction by the Utah court.

We are also mindful that dismissal of this appeal will not leave appellant without recourse to satisfy its deficiency. Appellant remains free to sue respondents in Nevada for any funds remaining due on the lease agreement. Accordingly, we hereby affirm the ruling of the district court setting aside the foreign judgment.

SPRINGER, ROSE and STEFFEN, JJ., concur.

---

[1] *Utah Code Ann.* § 78-27-24(1) (1953 as amended).

Mowbray, C. J., dissenting:

Respectfully, I dissent.

The present question is whether the State of Utah has jurisdiction to render judgment on a contract entered into by a Utah thrift institution and Nevada residents.

This case is controlled by Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985). In *Burger King*, a Michigan resident contracted with a Florida corporation in order to establish a franchise relationship. The Florida corporation, Burger King, brought suit in Florida alleging breach of contract for failure to make the required franchise payments (payments to be made in Miami, Florida). Respondent Rudzewicz contested jurisdiction on the grounds that he did not have the requisite "minimum contacts" with Florida. Rudzewicz had no physical ties to Florida, other than a brief training course in Miami. *Id* at 479.

The Court determined that Florida had jurisdiction over Rudzewicz. The Court concluded that the contractual relationship was sufficient to establish minimum contacts for jurisdictional purposes. *See id.* at 479. Rudzewicz had "reached out beyond" Michigan by negotiating with a Florida corporation for the purchase of a long-term franchise. *Id.*

In the present case, respondents "reached out beyond" Nevada when they agreed to financing by a Utah thrift institution. Respondents filled out a credit application which was sent to appellant for approval of the loan. Upon approval of the loan, respondents sent their payments to Utah. When respondents subsequently defaulted on the loan, appellant brought a breach of contract action in Utah and obtained a deficiency judgment.

The present case is indistinguishable from *Burger King*. In both cases, a corporation sued a non-resident for breach of contract. In both cases, the non-resident failed to make required payments at an address located in the forum state. In both cases, the non-resident deliberately "reached out beyond," establishing contact with a foreign state. Since *Burger King* cannot be distinguished, jurisdiction is present in the instant case.

For the above reasons, I conclude that Utah had jurisdiction to entertain a deficiency judgment action, and maintain that this court is obligated to give Full Faith and Credit to the judgment delivered by our sister state.