PRICE AND SONS, A CORPORATION, PETITIONER, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE PETER I. BREEN, JUDGE, RESPONDENTS, AND MARY T. HARTFORD, THOMAS M. GOMES, JERRY F. GOMES, TAMMY GOMES AND SHERRI F. GOMES, REAL PARTIES IN INTEREST.

No. 21864

May 26, 1992                                      831 P.2d 600

*Laxalt & Nomura* and *Katherine J. Savage,* Reno, for Petitioner.

*Lee T. Hotchkin,* Reno; *Sterns, Walker & Lods,* San Francisco, California, for Real Parties in Interest.

## OPINION

*Per Curiam:*[1]

This original petition for a writ of prohibition challenges an order of the respondent district court denying petitioner's motion to quash service of process. In the action below the real parties in interest, Mary T. Hartford, Thomas M. Gomes, Jerry F. Gomes, Tammy Gomes, and Sherri F. Gomes (the Gomes') seek damages from The Price Club and from petitioner for personal injuries and wrongful death resulting from a motor vehicle accident. Mary T. Hartford and her daughter Mary M. Gomes were travelling from

[1]The Honorable Thomas A. Foley, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE JOHN C. MOWBRAY, Chief Justice. Nev. Const. art. 6, § 4.

their home in California to Colorado on Interstate Highway 80. In Verdi, Nevada, just inside the Nevada state line, the left front tire and wheel assembly separated from their vehicle and the vehicle veered into oncoming traffic. There was a collision in which Mary T. Hartford was injured and Mary M. Gomes was killed. Thomas Gomes had purchased tires for the vehicle in May of 1985 at a Price Club store in Hayward, California. The tires were installed by petitioner Price and Sons.

The Price Club is a membership department store chain incorporated in California. There are Price Club stores in California and other western states, but not in Nevada. The Price Club distributed advertising flyers to the customers of a Carson City, Nevada, credit union and has approximately 1,038 members who reside in Nevada. Price and Sons is a California corporation in the business of installing tires for customers of Price Club stores.

On September 28, 1988, petitioner moved the district court to quash service of process on the basis that it lacked sufficient contacts with Nevada for the exercise of personal jurisdiction. The motion was supported by an affidavit of Larry Price, owner of Price and Sons, stating that petitioner has no contacts with Nevada and is not connected with The Price Club except by "a business contractual relationship" concerning installation of tires at Price Club retail outlets. The Gomes opposed the motion to quash. On January 28, 1990, the district court entered an order denying the motion to quash based on its finding that The Price Club was doing business in Nevada. Petitioner requested that the district court clarify its order of January 28, 1990, because the order appeared not to distinguish between The Price Club and petitioner. In response, the district court, on February 11, 1990, entered an order denying the motion to quash as to petitioner. In the second order the district court stated that because petitioner's name is so similar to that of The Price Club and because petitioner's tire installation centers are located adjacent to Price Club outlets, "there is every indication to join, rather than separate, these two entities" and bring them to trial in Nevada. This petition followed.

Petitioner contends that the district court erred in determining that it had jurisdiction over petitioner based on the contacts with Nevada of The Price Club. We agree. Specifically, we conclude that the contacts with Nevada of The Price Club are insufficient to support the exercise of jurisdiction over that entity by the Nevada courts. Consequently, there is no jurisdiction over petitioner, even assuming, without deciding, that the contacts of The Price Club with Nevada can be imputed to petitioner.

The Price Club is a membership store and has approximately

1,038 members in Nevada. It sends these members advertisements on a regular basis. The Price Club solicited memberships in Nevada through an advertising flyer distributed by a Nevada credit union. Also, advertising by The Price Club in California newspapers and on California radio stations may reach Nevada residents.

General personal jurisdiction over a defendant for any cause of action is appropriate where the defendant's forum activities are so "substantial" or "continuous and systematic" that it may be deemed present in the forum. *See* Helicopteros Nacionales De Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984); Perkins v. Benguet Mining Co., 342 U.S. 437 (1952). A high level of contact with the forum state is necessary to establish general jurisdiction. Sales and marketing efforts in the forum by a foreign corporation, without more, are insufficient to establish general jurisdiction. *See* Congolium Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1242-43 (9th Cir. 1984) (solicitation of orders, promotion of products to potential customers through the mail and through showroom displays, and attendance at trade shows and sales meetings in forum do not establish general jurisdiction); Cubbage v. Merchant, 744 F.2d 665, 667-69 (9th Cir. 1984) (no general jurisdiction in California over Arizona doctors who had significant numbers of patients in California, used the California medical insurance system and maintained a telephone directory listing that reached California). The Price Club's activities in Nevada are not sufficiently substantial or continuous and systematic to establish general jurisdiction.

Absent general jurisdiction, personal jurisdiction exists only where the cause of action arises from the defendant's contacts with Nevada. *See* Munley v. District Court, 104 Nev. 492, 495-96, 761 P.2d 414, 415-16 (1988). *See also Hall,* 466 U.S. at 414. The Gomes' are residents of California, and were merely passing through Nevada on a trip to Colorado when their accident occurred. The Gomes' accident and their claims against petitioner and The Price Club have no connection with The Price Club's activities in Nevada. Further, Nevada has little interest in adjudicating this dispute between California parties. *See* Asahi Metal Industries v. Superior Court of California, 480 U.S. 102, 113 (1986). Therefore, we conclude that Nevada lacks personal jurisdiction over The Price Club, and consequently, petitioner, in the action below.

A writ of prohibition is the appropriate remedy for a district

court's erroneous refusal to quash service of process. *See* Judas Priest v. District Court, 104 Nev. 424, 760 P.2d 137 (1988); Shapiro v. Pavlikowski, 98 Nev. 548, 654 P.2d 1030 (1982). Accordingly, we grant the petition. The clerk of this court shall forthwith issue a writ of prohibition restraining the district court from exercising personal jurisdiction over petitioner in this matter.

SPRINGER, ROSE, STEFFEN and YOUNG, JJ., and FOLEY, D. J., concur.