BUDGET RENT-A-CAR, PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE JACK LEHMAN, DISTRICT JUDGE, RESPONDENTS, AND RICHARD E. HUNTOON, REAL PARTY IN INTEREST.

No. 22733

July 21, 1992                                        835 P.2d 17

*Richard McKnight,* Las Vegas, for Petitioner.

*Rex Bell,* District Attorney, Clark County, for Respondents.

*Ted A. Embry,* Las Vegas, for Real Party in Interest.

# OPINION

*Per Curiam:*

This original petition for a writ of mandamus challenges an order of the respondent district court denying petitioner's motion to quash service of process. A writ of prohibition is the appropriate remedy for a district court's erroneous refusal to quash service of process. *See* Judas Priest v. District Court, 104 Nev. 424, 425, 760 P.2d 137, 138 (1988). Nevertheless, because we conclude that petitioner's contentions have merit and that there is no plain, speedy or adequate remedy available in the ordinary course of law, we have determined in the interest of judicial economy to treat this petition as one requesting a writ of prohibition. *See* Koza v. District Court, 99 Nev. 535, 665 P.2d 244 (1983).

In the action below, the real party in interest, Richard E.

Huntoon, seeks damages for injuries resulting from a collision with an automobile owned by petitioner. Petitioner is in the business of renting automobiles. Petitioner has several business locations in southern California, and does not have offices in any other state. Petitioner's rental agreements, including the agreement covering the vehicle at issue, provide that a lessee may not take a rental car out of the state of California without petitioner's written permission. Petitioner grants such permission only if the lessee provides proof of independent insurance coverage. Petitioner demands independent insurance to reduce its risk of being sued in a foreign jurisdiction and to reduce its liability.

On September 7, 1990, Richard E. Williams rented an automobile at petitioner's Long Beach, California, leasing office. At the time of rental Williams proffered a California driver's license. Williams did not obtain permission to take the car outside of California. Nevertheless, Williams drove the rental car to Las Vegas, Nevada. On September 8, 1990, while driving the rental car in Las Vegas, Williams was involved in an accident with Richard E. Huntoon, the real party in interest in this petition.

On June 26, 1991, Huntoon filed a complaint in the district court against Williams and petitioner. Huntoon alleged that petitioner violated Nevada's short-term lessor statute, NRS 482.305, and that petitioner negligently entrusted the rental car to Williams because Williams' driver's license had been revoked on or before the date Williams had rented the car.

On September 30, 1991, petitioner moved the district court to quash service of process on the basis that petitioner lacked sufficient contacts with Nevada to support personal jurisdiction. On November 15, 1991, the district court entered an order denying the motion to quash. This petition followed.

General personal jurisdiction over a defendant is appropriate where the defendant's forum activities are so "substantial" or "continuous and systematic" that it may be deemed present in the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984); Perkins v. Benguet Mining Co., 342 U.S. 437, 448 (1952); Munley v. District Court, 104 Nev. 492, 496, 761 P.2d 414, 416 (1988). Under general jurisdiction, a defendant can be held to answer in the forum for causes of action unrelated to its forum activities. *Perkins,* 342 U.S. at 446-47; *see also Hall,* 466 U.S. at 414.

The level of contact with the forum state necessary to establish general jurisdiction is high. We recently held that Nevada lacked general jurisdiction over a membership-type department store located in California that had about one thousand members in Nevada and distributed advertising flyers in Nevada. Price and

Sons v. District Court, 108 Nev. 387, 831 P.2d 600 (1992). Similarly, promotional activities in Nevada by a California ski resort, including outdoor advertising, advertisements in the Reno telephone directory and in print media, distribution of brochures to Reno ski shops, and membership in the Reno-Sparks Chamber of Commerce, did not establish general jurisdiction in Nevada. *Munley,* 104 Nev. at 494-96, 761 P.2d at 415-16. *See also Hall,* 466 U.S. at 416 (1984) (no jurisdiction in Texas over foreign corporation that sent officers to Texas for a negotiation session, accepted checks drawn on a Texas bank, and sent personnel to Texas to be trained); Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1242-43 (9th Cir. 1984) (a foreign corporation's sales and marketing efforts in California, including solicitation of orders, promotion of products to potential customers through the mail and through showroom displays, and attendance at trade shows and sales meetings, were insufficient to establish general jurisdiction in California); Cubbage v. Merchent, 744 F.2d 665, 667-69 (9th Cir. 1984) (California lacked general jurisdiction over Arizona doctors who had a significant number of patients in California, used a California medical insurance system, and had a telephone directory listing that reached California), *cert. denied,* 470 U.S. 1005 (1985).

Huntoon argues that petitioner is doing business in Nevada and is therefore subject to general jurisdiction in Nevada, because cars leased from petitioner are frequently taken to Nevada, both with and without petitioner's permission. The Las Vegas Budget Rent A Car office accepts cars leased from petitioner, and returns them to petitioner, on a regular basis. Huntoon has not shown, however, that cars used on Nevada highways constitute anything but a minor, incidental portion of petitioner's business. Under the standard discussed above, this is insufficient to establish general jurisdiction in Nevada. The fact that the Las Vegas Budget office returns rental cars to California does not change this conclusion. *See* Green v. Luxury Auto Rentals, Ltd., 422 So.2d 1365, 1368 (La.Ct.App. 1982) (retrieval of leased automobile from Louisiana is not transacting business there).

Absent general jurisdiction, specific personal jurisdiction over a defendant may be established only where the cause of action arises from the defendant's contacts with Nevada. *See Price and Sons,* 108 Nev. at 390, 831 P.2d at 602 (1992); Munley v. District Court, 104 Nev. 492, 494-96, 761 P.2d 414, 415-16 (1988).

Petitioner contends that jurisdiction exists over Budget because it was foreseeable that the car would be driven to Nevada. Petitioner points out that numerous cars leased by petitioner are driven to Nevada, with and without petitioner's permission. The foreseeability that a product might make its way into the forum, without more, is insufficient to establish personal jurisdiction. *See* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 296-97 (1980). A state may exercise specific personal jurisdiction only where the defendant purposefully avails itself of the privilege of serving the market in the forum or of enjoying the protection of the laws of the forum, and the cause of action arises from that purposeful contact with the forum. *Woodson,* 444 U.S. at 291, 297 (1980); *see also Munley,* 104 Nev. at 494-95, 761 P.2d at 415.

As discussed earlier, Huntoon has not shown that a substantial portion of petitioner's business derives from automobiles that are driven to Nevada. Petitioner never gave Williams consent to take the car to Nevada. Rather, the lease agreement specifically prohibited taking the car out of the state of California without petitioner's written permission. Such permission was neither sought nor given. That distinguishes this case from a case where we held that there was jurisdiction over a California automobile lessor that accepted payments from Nevada and agreed with the lessee to insure the car in Nevada. Burns v. District Court, 97 Nev. 237, 627 P.2d 403 (1981). The unilateral activity of another person cannot satisfy the requirement of contact between an out of state defendant and the forum. *See Woodson,* 444 U.S. at 298; MGM Grand, Inc. v. District Court, 107 Nev. 65, 69, 807 P.2d 201, 203 (1991); *see also* Western Heritage Thrift & Loan v. Cloutier, 107 Nev. 471, 813 P.2d 999 (1991). Therefore, we conclude that Nevada lacks personal jurisdiction over petitioner. Accordingly, the clerk of this court shall forthwith issue a writ of prohibition restraining the district court from exercising personal jurisdiction over petitioner in this matter.