An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MORRIS PAUL WEINSTEIN,
Appellant,
vs.
PHILIPPE MONTENAY,
Respondent.

No. 59956

FILED

JUN 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing an action based on lack of personal jurisdiction. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

We review a district court's determination regarding personal jurisdiction de novo. *See Baker v. Eighth Judicial Dist. Court*, 116 Nev. 527, 531, 999 P.2d 1020, 1023 (2000).

Having reviewed appellant's proper person appeal statement, his opening brief, and the record, we conclude that the district court properly dismissed appellant's complaint. Namely, "the formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)). Here, respondent's only additional contact with Nevada was by virtue of appellant's presence in the state while the parties negotiated via e-mail respondent's purchase of the French company.[1]  This is the type of

---

[1]Appellant also contends that the district court failed to consider his allegation that respondent "had assets in Nevada." Even assuming the assets to which appellant refers were located in Nevada, this would not have been sufficient to establish personal jurisdiction over respondent.
*continued on next page...*

13-17603

"'random,' 'fortuitous,' [and] 'attenuated' contact" that is insufficient to establish specific personal jurisdiction over respondent.[2] *Western Heritage Thrift & Loan v. Cloutier*, 107 Nev. 471, 473, 813 P.2d 999, 1000 (1991) (quoting *Burger King*, 471 U.S. at 475). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Rob Bare, District Judge
Morris Paul Weinstein
Ballard Spahr Andrews & Ingersoll, LLP
Eighth District Court Clerk

---

...*continued*
*Western Heritage Thrift & Loan v. Cloutier*, 107 Nev. 471, 473, 813 P.2d 999, 1000 (1991) (indicating that personal jurisdiction cannot be based on fortuitous contact with the forum state).

[2]Nor does the fact that appellant lived in Nevada while he managed the parties' other non-Nevada-based entities establish general personal jurisdiction over respondent. *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 699, 857 P.2d 740, 748 (1993) (indicating that general jurisdiction is properly exercised when the defendant's contacts with the forum state "are so substantial or continuous and systematic that [the defendant] may be deemed present in the forum" (quotation omitted)).